IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KEITH BROCKSMITH | ) | 4:09CV3202 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| DUNCAN AVIATION, | ) | |
| | ) | |
| Defendant. | ) | |

This employment case was removed from the District Court of Lancaster County, Nebraska, on October 1, 2009.[1] Even though the plaintiff did not contest the removal, and has since agreed that federal jurisdiction was properly invoked under 28 U.S.C. §§ 1331 (federal question) and 1367 (supplemental jurisdiction), I have an independent obligation to determine whether subject-matter jurisdiction exists. *See* *Hertz Corp. v. Friend*, __ U.S. __, 130 S.Ct. 1181, 1193 (2010). *See also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the [removed] case shall be remanded.").

The plaintiff alleges (1) that because of his age (a) he was not promoted and (b) ultimately he was terminated, and (2) that his termination also resulted from him questioning "unsafe practices" of his employer. According to the complaint, the first claim is brought pursuant to the Nebraska Age Discrimination in Employment Act, Neb.Rev.Stat. §§ 48-1001 to 48-1010,[2] while the second claim is brought pursuant

---

[1] The matter is now before the court on a motion for summary judgment filed by the defendant on June 22, 2010.

[2] The plaintiff alleges: "The State of Nebraska, through the enactment of NEB. REV. STAT. §48-1001, also known as the 'Age Discrimination in Employment Act',

to the Nebraska Fair Employment Practice Act's anti-retaliation statute, Neb. Rev. Stat. § 48-1114.[3]

Obviously, the first claim could also arise under the federal Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 to 634, but "[r]emoval based on federal question jurisdiction is governed by the well pleaded complaint rule: jurisdiction is established only if a federal question is presented on the face of the plaintiff's properly pleaded complaint." *McLain v. Andersen Corp.*, 567 F.3d 956, 963 (8th Cir. 2009) (quoting *Pet Quarters, Inc. v. Depository Trust and Clearing*

---

has established a policy to protect the right to employment otherwise lawful without discrimination because of age and to eliminate such discrimination to the fullest extent permitted. The Plaintiff was terminated because of his age in violation of the Age Discrimination in Employment Act." (Complaint (filing 1-2), p. 4, ¶¶ 15, 16.)

[3] The plaintiff alleges: "The State of Nebraska, through the enactment of NEB. REV. STAT. §48-1114, has established a clear public policy against retaliation against employees protecting the safety and welfare of the citizens of Nebraska. The Plaintiff was terminated for questioning the unsafe practices of Defendant, in violation of the public policy of Nebraska." (Complaint (filing 1-2), at p. 5, ¶¶ 23, 24.)

The statute provides, in part: "It shall be an unlawful employment practice for an employer to discriminate against any of his or her employees . . . because he or she . . . has opposed any practice or refused to carry out any action unlawful under federal law or the laws of this state." Neb. Rev. Stat. § 48-1114(3).

Independent of this statute, the Nebraska Supreme Court has recognized a public policy exception to the at-will employment doctrine. As stated in *Trosper v. Bag 'N Save*, 734 N.W.2d 704, 707 (Neb. 2007): "Under the public policy exception, we will allow an employee to claim damages for wrongful discharge when the motivation for the firing contravenes public policy. The public policy exception is restricted to cases when a clear mandate of public policy has been violated, and it should be limited to manageable and clear standards. In determining whether a clear mandate of public policy is violated, courts should inquire whether the employer's conduct contravenes the letter or purpose of a constitutional, statutory, or regulatory provision or scheme." (Footnotes omitted.)

*Corp.*, 559 F.3d 772, 779 (8th Cir. 2009)).[4] "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

There is some ambiguity in the complaint, as it is alleged that "[o]n or about July 10, 2008, the Plaintiff filed a charge of age discrimination against the Defendant. A copy of his right to sue letter is attached hereto as Exhibit 'A' and is incorporated by reference herein." (Complaint (filing 1-2), at p. 3, ¶ 10.) This right to sue letter was issued by the United States Equal Employment Opportunity Commission ("EEOC"). (Complaint (filing 1-2), at pp. 8-9, Ex. A.) The EEOC's issuance of a right to sue letter is a condition precedent to the filling of a federal ADEA claim, *see* 42 U.S.C. § 2000e-5(f)(1), but not to the filing of a claim under the Nebraska Act.[5] This ambiguity should not result in a finding that the plaintiff's age discrimination claim involves a federal question, however, because "a district court is required to resolve all doubts about federal jurisdiction in favor of remand." *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997).

---

[4] There is an exception to the well-pleaded complaint rule: "'[W]hen a federal statute wholly displaces the state-law cause of action through complete pre-emption,' the state claim can be removed." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004) (quoting *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 (2003)). "Complete preemption, as opposed to ordinary or conflict preemption, is rare, however, and only applies if the 'federal statutes at issue provide[ ] the exclusive cause of action for the claim asserted and also set forth procedures and remedies governing that cause of action.'" *Thomas v. U.S. Bank Nat. Ass'n ND*, 575 F.3d 794, 797 (8th Cir. 2009) (quoting *Beneficial Nat. Bank*, 539 U.S. at 8), *cert. denied*, 130 S.Ct. 3504 (2010).

This exception does not apply in this case because the ADEA does not preempt state age discrimination law. *See Schott v. Care Initiatives*, 662 F.Supp.2d 1115, 1118 (N.D.Iowa 2009).

[5] Any person aggrieved by a suspected violation of the Nebraska Age Discrimination in Employment Act may bring a civil action if the Nebraska Equal Opportunity Commission does not initiate an action within sixty days after receipt of a formal complaint. *See* Neb. Rev. Stat. § 48-1008(1).

The plaintiff's second claim, for wrongful termination, is strictly a state-law cause of action. This is true even if the termination of the plaintiff's employment mighty be claimed to have violated federal public policy. *See Eastman v. Marine Mechanical Corp.*, 438 F.3d 544, 553-54 (6th Cir. 2006) (holding that "a state-law employment action for wrongful termination in violation of federal public policy does not present a substantial federal question over which federal courts may exercise 'arising under' jurisdiction under 28 U.S.C. § 1331.").

For the reasons discussed above, I conclude this court does not have subject matter jurisdiction over the claims alleged in the plaintiff's complaint. However, it appears from a brief recently filed by the plaintiff in opposition to the defendant's motion for summary judgment that he desires his age discrimination claim to be decided with reference to the federal ADEA. In fact, there is not a single Nebraska case cited in the plaintiff's brief regarding the age discrimination claim.

I therefore will grant the plaintiff leave to file an amended complaint within 7 days to add a federal ADEA claim, if he so desires. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). If such an amended complaint is filed, I will then take up the defendant's motion for summary judgment, since both sides have already briefed the case as if a federal ADEA claim were alleged.[6] If, on the other hand, the plaintiff does not file an amended complaint within the prescribed time, I will then order the case remanded to state court.

Accordingly,

---

[6] I am also mindful that the case is set for trial commencing on October 12, 2010, and that a final pretrial conference is scheduled for September 23, 2010.

IT IS ORDERED:

1. On the court's own motion, the plaintiff is granted leave to file an amended complaint, within 7 calendar days from today's date, for the limited purpose of adding a claim arising under the federal Age Discrimination in Employment Act.

2. If an amended complaint is filed within 7 days, the court will treat the defendant's motion for summary judgment (filing [34](#)) as having been filed with reference to the amended complaint, and will immediately take the motion under consideration.

3. If an amended complaint is <u>not</u> filed within 7 days, the court will enter an order remanding the case to the District Court of Lancaster County, Nebraska, pursuant to 28 U.S.C. § 1447(c).

August 23, 2010.                               BY THE COURT:

                                                                           *Richard G. Kopf*
                                                                           United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.