IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KEITH BROCKSMITH | ) | 4:09CV3202 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| DUNCAN AVIATION, | ) | |
| | ) | |
| Defendant. | ) | |

The defendant has moved for reconsideration of a memorandum and order entered on August 23, 2010, in which the court determined *sua sponte* that it does not have subject matter jurisdiction over this employment case, which was removed from the District Court of Lancaster County, Nebraska, on October 1, 2009. The motion for reconsideration will be denied, and the case will be remanded to state court.

"Motions for reconsideration are disfavored, and the court will ordinarily deny them without a showing of (1) manifest error in the prior ruling or (2) new facts or legal authority, neither of which could have been brought to the court's attention earlier with reasonable diligence." NECivR 60.1(c). Because the court raised the jurisdictional issue on its own motion, in the course of reviewing a motion for summary judgment filed by the defendant, the parties did not have an opportunity to present any facts or legal authority bearing on the issue.[1] Careful consideration therefore has been given to the defendant's motion and supporting brief. The court concludes, however, that its initial assessment was in all respects correct.

The defendant first argues that the complaint clearly alleges "[t]he Plaintiff was terminated because of his age in violation of the Age Discrimination in Employment

---

[1] In the August 23rd order, however, the plaintiff was given the opportunity to amend his complaint to add a claim arising under the federal Age Discrimination in Employment Act. The plaintiff did not exercise this option.

Act." (Complaint (filing 1-2), p. 4, ¶ 16.) But, as noted in the previous memorandum and order, this reference is to the Nebraska ADEA, *not* the federal ADEA. That is, the plaintiff specifically alleges in the preceding paragraph of the complaint that "[t]he State of Nebraska, through the enactment of NEB. REV. STAT. §48-1001, also known as the 'Age Discrimination in Employment Act', has established a policy to protect the right to employment otherwise lawful without discrimination because of age and to eliminate such discrimination to the fullest extent permitted." (Complaint (filing 1-2), p. 4, ¶ 15.) The complaint contains no mention of the federal Age Discrimination in Employment Act, 29 U.S.C. §§ 621 to 634.

The defendant next focuses on the fact that a right to sue letter issued by the United States Equal Employment Opportunity Commission on June 9, 2009, was attached to the complaint and incorporated by reference. (Complaint (filing 1-2), at p. 3, ¶ 10, and pp. 8-9, Ex. A.) The court previously determined that even though this attachment created some ambiguity in the complaint, it would not support a finding that the plaintiff's age discrimination claim involves a federal question because "a district court is required to resolve all doubts about federal jurisdiction in favor of remand." *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997). "Removal based on federal question jurisdiction is governed by the well pleaded complaint rule: jurisdiction is established only if a federal question is presented on the face of the plaintiff's properly pleaded complaint." *McLain v. Andersen Corp.*, 567 F.3d 956, 963 (8th Cir. 2009) (quoting *Pet Quarters, Inc. v. Depository Trust and Clearing Corp.*, 559 F.3d 772, 779 (8th Cir. 2009)).

The case the defendant principally relies upon is *Meyer v. Choice Hotels International, Inc.*, 2007 WL 1725293 (E.D. Mo. 2007), which was removed to federal court based on federal question jurisdiction.[2] The plaintiff in *Meyer* claimed

---

[2] The defendant also relies on *Alvarez v. United Parcel Service Co.*, 398 F.Supp.2d 543, 548 n.2 (N.D. Tex 2005), a removed action in which the plaintiff claimed racial discrimination and retaliation under the Texas Commission on Human

sexual harassment and discrimination and alleged she had received right-to-sue letters from both the Missouri Commission on Human Rights and the United States Equal Employment Opportunity Commission. On a motion to remand filed by the plaintiff, the district court determined that subject matter jurisdiction existed under 28 U.S.C. § 1331, stating: "In the context of employment discrimination, a complaint containing factual allegations of discrimination with an EEOC right-to-sue letter attached to it alleges a claim under Title VII. *Page v. Ark. Dep't of Corr.,* 222 F.3d 453, 454 (8th Cir. 2000);[3] *see Judkins v. Beech Aircraft Corp.,* 745 F.2d 1330, 1331-32 (11th Cir. 1994) (filing of EEOC complaint and right-to-sue letter with the district court alleges a complaint under Title VII)." *Id.*, at *1 (footnote omitted). The *Meyer* court concluded that "[u]nder the liberal pleading requirements of the Federal Rules of Civil Procedure, Plaintiff has alleged a cause of action under Title VII." *Id.*, at *2.[4]

---

Rights Act, but also attached an EEOC right-to-sue letter to his petition. The district court, "in an abundance of caution," analyzed the plaintiff's claims as also arising under Title VII. *Id.* Significantly, the plaintiff in *Alvarez* also claimed a violation of 42 U.S.C. § 1981, so no jurisdictional issue was presented in that case.

[3] In *Page*, the Eighth Circuit held that a *pro se* plaintiff's letter to the district court and attachments, including an EEOC right-to-sue letter, substantially complied with the pleading requirements of Federal Rule of Civil Procedure 8(a) and were sufficient to initiate a Title VII proceeding within the 90-day time limit of 42 U.S.C. § 2000e-5(f)(1). Similarly, in another Eighth Circuit opinion cited by the defendant, *Miles v. Bellfontaine Habilitation Center*, 481 F.3d 1106, 1107 (8th Cir. 2007), it was held that a *pro se* plaintiff's Title VII claim was improperly dismissed on the pleadings where the plaintiff alleged she had filed a charge with the EEOC concerning the discrimination and retaliation described in her complaint, and attached a right-to-sue letter to the complaint. The Court in *Miles* merely ruled that failure to exhaust administrative remedies is an affirmative defense that a defendant must prove, and stated that the defendant's motion to dismiss did not challenge the plaintiff's allegations. Neither of these decisions speaks to the jurisdictional issue which is involved in the present case.

[4] However, the *Meyer* court also granted the plaintiff's motion for leave to amend her complaint to eliminate the EEOC allegation, and then remanded the case to state court pursuant to 28 U.S.C. § 1367(c)(3).

-3-

In the present case, the court's determination that federal jurisdiction is lacking is premised on the plaintiff's allegation in the concluding paragraph of the first cause of action that he "was terminated because of his age in violation of the [Nebraska] Age Discrimination in Employment Act," and the absence of an allegation that there was a violation of the federal ADEA. The operative facts alleged in the complaint may be sufficient to state a federal age discrimination claim as well, but, as was his prerogative, the plaintiff expressly limited himself to seeking relief under state law.[5] "The [well-pleaded complaint] rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The case therefore should not have been removed from state court.

The defendant argues that even if the complaint does not contain a federal age discrimination claim, the court has acquired jurisdiction under 28 U.S.C. § 1446(b), which provides, in part: "If the case stated in the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, . . .." The defendant argues the plaintiff filed "other papers" following removal which indicate that he is asserting a federal ADEA claim. Section 1446(b) concerns claims made by a plaintiff *prior* to the removal of an action, and thus has no application here. Jurisdiction is determined at the time of removal. *See*

---

[5]It is certainly true, as the defendant notes, that "[a] plaintiff's characterization of a claim as based solely on state law is not dispositive of whether federal question jurisdiction exists." *In re Otter Tail Power Co.*, 116 F.3d 1207, 1213 (8th Cir.1997) (quoting *Peters v. Union Pacific R.R. Co.*, 80 F.3d 257, 260 (8th Cir.1996)). In the present case, though, the plaintiff's claim does not *necessarily* arise under federal law. *Cf. Otter Tail*, 116 F.3d at 1214 (holding that complaint concerned matter of tribal sovereignty which necessarily presented federal question); *Peters*, 80 F.3d at 262 (holding that Federal Railroad Safety Act preempted railroad employee's state-law conversion claim).

*McLain*, 567 F.3d at 965; *Quinn v. Ocwen Federal Bank FSB*, 470 F.3d 1240, 1248 (8th Cir. 2006).[6]

Finally, the defendant argues that because the plaintiff has admitted this court has subject matter jurisdiction, and has only cited federal law in support of his age discrimination claim, judicial estoppel principles should apply. This argument was also addressed in the previous memorandum and order. "Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, __ U.S. __, 130 S.Ct. 1181, 1193 (2010). It is well-established that "no action of the parties can confer subject-matter jurisdiction upon a federal court." *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982). " Thus, the consent of the parties is irrelevant, *California v. LaRue*, 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 342 (1972), principles of estoppel do not apply, *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 17-18, 71 S.Ct. 534, 541-542, 95 L.Ed. 702 (1951), and a party does not waive the requirement by failing to challenge jurisdiction early in the proceedings." *Id.*

---

[6] Although now a moot point, it might be questioned whether the court erred in its previous memorandum and order when it granted the plaintiff leave, at his discretion, to file an amended complaint alleging a federal ADEA claim since the court lacked subject matter jurisdiction over the original complaint. The United States Supreme Court has held, however, "that a district court's error in failing to remand a case improperly removed is not fatal to the ensuing adjudication if federal jurisdictional requirements are met at the time judgment is entered." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 64 (1996). In the present case, amendment of the plaintiff's complaint to allege a federal ADEA claim would invoke this exception to the general rule that removal jurisdiction is determined at the time of removal. If, on the other hand, a judgment were to be entered in this case without the complaint first being amended to allege a federal ADEA claim, then the judgment would remain open to attack on jurisdictional grounds. *See id.*, at 76-77 ("Despite a federal trial court's threshold denial of a motion to remand, if, at the end of the day and case, a *jurisdictional* defect remains uncured, the judgment must be vacated.") (emphasis in original).

IT IS ORDERED:

1. The defendant's motion for reconsideration (filing 46) is denied.

2. On the court's own motion, this case is remanded to state court pursuant to 28 U.S.C. § 1447(c), for lack of subject matter jurisdiction.[7]

3. The clerk of the court shall mail a certified copy of this memorandum and order, and of the court's previous memorandum and order (filing 45) to the Clerk of the District Court of Lancaster County, Nebraska, and may take any other action necessary to effectuate the remand.

4. Judgment shall be entered by separate document.

September 10, 2010.                    BY THE COURT:

                                                       *Richard G. Kopf*
                                                  United States District Judge

---

[7] This remand order is not appealable. "When a district court remands a case based on a lack of subject matter jurisdiction under section 1447(c), 'a court of appeals lacks jurisdiction to entertain an appeal of the remand order.'" *Roberts v. BJC Health System*, 452 F.3d 737, 739 (8th Cir. 2006) (quoting *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127-28 (1995)).

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.